# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEN-MAT HOLDINGS, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CAO GROUP, INC.,<br><br>　　　　Defendant. | Case No: CV15-5716-PSG-JEM<br><br>**DISCOVERY MATTER**<br><br>[~~PROPOSED~~] **PROTECTIVE ORDER**<br><br>Magistrate Judge John E. McDermott |

82289-0002/131701671.1

1 | This Order governs the handling of all information, documents, deposition testimony and exhibits, discovery answers and responses, and other written, recorded or graphic matter produced or provided in this lawsuit, formally or informally, which are designated as "CONFIDENTIAL" (hereinafter defined) pursuant to this Order. This Order also governs all notes, extracts, summaries or other information derived from information designated as "CONFIDENTIAL" and all pleadings, briefs, memoranda or other filings that quote or convey the substance of information designated as "CONFIDENTIAL" under the terms of this Order.

THEREFORE, the undersigned having so stipulated, this Court, pursuant to Fed. R. Civ. P. 26(c), having determined that good cause exists to enter a Protective Order,

HEREBY ORDERS that:

1. For the purposes of this Order, the following definitions shall govern:

"CONFIDENTIAL" means the designation for product research and development, commercial, financial, marketing and sales, or personnel information that a party maintains in confidence and the public disclosure of which would potentially harm the party's business operations or reveal a party's private information;

"COUNSEL" means all attorneys of record in the above captioned case and any lawyers employed by their law firms in connection with this litigation, but does not include lawyers employed on behalf of third parties or witnesses;

"COURT PERSONNEL" means judges, clerks, or other members or employees of any court of competent jurisdiction over proceedings in or related to the litigation;

"DOCUMENT" shall have the same meaning as set forth by Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure;

"EXPERT" means any person engaged by a party as a testifying or consulting expert witness; and

-1-

1  "SUPPORT PERSONNEL" means any clerical or support staff or other employee of COUNSEL or an EXPERT assisting with this litigation, specifically including (i) secretarial support staff, (ii) paralegal employees, (iii) any independent stenographer or videographer retained to record and transcribe testimony in this action, (iv) litigation personnel or contract attorneys acting under the direction of COUNSEL; (v) any in-house or independent entity retained by COUNSEL for the purpose of data collection, processing, hosting, and production, and (vi) any in-house or independent entity retained or used for the purpose of making photocopies or other replications or duplications of material designated under this Order.

2. A party may designate as "CONFIDENTIAL" any DOCUMENTS, information, and materials generated or produced in response to any discovery, including but not limited to DOCUMENTS, things, and responses to requests for documents and things, interrogatory answers, deposition testimony, answers to requests for admission, expert reports, and responses to other discovery demands, as well as any copies, notes, abstracts, or summaries that contain information that qualifies for such designations as defined herein.

3. Information designated as "CONFIDENTIAL" shall be used only in connection with this case and for no other purpose. Except, information produced and designated "CONFIDENTIAL" by Den-Mat Holdings, LLC or CAO Group, Inc. may also be used in the following pending lawsuits: *CAO Group, Inc. v. Den-Mat Holdings, LLC*, 2:15-cv-07721-SJO-FFM (C.D. Cal), and *CAO Group, Inc. v. Den-Mat Holdings, LLC*, 2:14-cv-413-DB (D. Utah), provided that such information is treated as "CONFIDENTIAL" under this Order.

4. This Order also applies to any non-party who produces or receives information designated as "CONFIDENTIAL" pursuant to a discovery request or subpoena in this case. Accordingly, references to "party" include "non-parties." A Party requesting discovery shall serve a copy of this Order simultaneously with any discovery request made to a non-party.

-2-

82289-0002/131701671.1

1  5. A producing party shall stamp or mark any DOCUMENT, material, information, or thing, or portion thereof, as "CONFIDENTIAL" prior to disclosure. Unless otherwise agreed or ordered by the Court, the producing party shall retain the originals of all documents and legible copies shall be produced in lieu thereof. If, however, a party elects to produce for inspection original documents or other material that is not marked or stamped, the producing party may designate the documents or materials under this Order by notifying the receiving parties at the time of production. After selection by the inspecting party of specified materials or documents for copying, the copies shall be designated by placing, if possible, the "CONFIDENTIAL" designation on the copies.

6. "CONFIDENTIAL" material disclosed by non-parties shall be stamped or marked "CONFIDENTIAL" by any party if not so designated by the producing non-party within ten (10) business days of the receipt of the materials or documents from the producing non-party. Such designation shall be made in writing to all COUNSEL of record and the producing non-party (or, if applicable, the producing non-party's counsel). Until expiration of the 10 day period, any document or thing that is produced or disclosed shall be treated as "CONFIDENTIAL."

7. "CONFIDENTIAL" material disclosed during a deposition (including but not limited to the transcript, exhibits, or videotape) by parties or non-parties may be so designated on the record at the deposition by COUNSEL, the non-party, or, if applicable, the non-party's counsel, and unless otherwise agreed, the Court Reporter shall be instructed to transcribe such testimony with each page thereof clearly marked as "CONFIDENTIAL." At any deposition conducted in this case, COUNSEL shall attempt in good faith preliminarily to identify and designate "CONFIDENTIAL" material in testimony and exhibits without prejudice to their right to designate other testimony or exhibits or to withdraw such designations after receipt of the final (non-rough) deposition transcript. Alternatively,

"CONFIDENTIAL" material disclosed during a deposition may be designated as such within ten (10) business days following receipt by COUNSEL of the final (non-rough) deposition transcript prepared by the Court Reporter. Such designation shall be made in writing to (i) all COUNSEL of record, (ii) if applicable, to the non-party deponent (or the non-party's counsel), and (iii) the Court Reporter, and shall request that the Court Reporter reissue corrected copies of the final deposition transcript reflecting the designations. Following receipt of corrected transcripts from the Court Reporter, all parties in possession of the non-designated transcript promptly shall destroy all such non-designated copies. Until expiration of the 10-day designation period, any deposition testimony shall be treated as "CONFIDENTIAL." If the parties or non-parties fail timely to designate any testimony from a deposition as "CONFIDENTIAL" none of the deposition testimony shall be treated as such under this Order; provided, however, that to the extent that documents or other materials marked as deposition exhibits bear a "CONFIDENTIAL" designation, such materials will retain their designation notwithstanding the failure to designate the corresponding deposition testimony.

8. Nothing contained herein shall preclude the receiving party from contesting a confidentiality designation under this Order. A receiving party is not obligated to challenge a designation of "CONFIDENTIAL" at the time such a designation is made, and any failure to do so will not waive that party's right to contest the designation at a later time. If a receiving party reasonably believes that information marked "CONFIDENTIAL" is not properly designated, that party shall notify the producing party or entity, in writing, specifically identifying the information and the reasons why they believe it is not subject to this Order. Thereafter, the parties must meet and confer within five (5) business days in good faith to attempt to resolve the dispute. If an agreement is not reached, after the parties use reasonable efforts to resolve their disagreement, then, consistent with Civil Local Rules 37-1 and 37-2, either the producing or receiving party may move

1 | the Court for a determination as to whether the designation is appropriate. During
2 | the pendency of such a motion, the designated document shall maintain its original
3 | designation of "CONFIDENTIAL."

4 |     9. It is the general intent of the parties to limit disclosure of information designated as "CONFIDENTIAL" to the smallest number of persons possible, consistent with the needs of this litigation. Disclosure by the receiving party of any information and materials designated "CONFIDENTIAL" under this Order is limited to (i) COUNSEL, (ii) COURT PERSONNEL, (iii) EXPERTS, (iv) SUPPORT PERSONNEL, (v) the producing party, including its current employees, and any indicated author or recipient of the information designated as "CONFIDENTIAL"; (vi) persons testifying in depositions or court proceedings (including, without limitation, persons preparing to testify in such depositions or court proceedings) and their counsel to the extent the information designated as "CONFIDENTIAL" was authored by, addressed to, or received by the person testifying; (vii) in-house attorneys of parties who have a need to use such information for the purposes of this litigation; and (viii) any other person agreed to in writing by the producing party or by further order of the Court.

    10. The receiving party shall be permitted to disclose "CONFIDENTIAL" material to (i) EXPERTS, (ii) in-house attorneys of parties, and (iii) any other person agreed to in writing by the producing party or by further order of the Court, only after such persons have executed an Undertaking in the form attached as Exhibit A to this Order. Prior to disclosure of any "CONFIDENTIAL" material to EXPERTS, a copy of the EXPERT's executed Undertaking must be provided to the producing party. If the producing party does not object within five (5) business days, the non-producing party may thereafter disclose the "CONFIDENTIAL material to the EXPERT. If the producing party does object, the parties agree to meet and confer within three (3) business days to resolve the issue. If no resolution is reached between the parties, the producing party shall bring the matter to the

82289-0002/131701671.1

Court's attention within five (5) business days. No "CONFIDENTIAL" material shall be disclosed until resolution of the matter by the Court. For avoidance of doubt, the receiving party's COUNSEL and any EXPERT shall be permitted to disclose "CONFIDENTIAL" material to SUPPORT PERSONNEL without the need for a written Undertaking from such SUPPORT PERSONNEL, provided each individual is instructed to maintain such information in strict confidence and then only to the extent necessary to assist in the litigation.

11. Notwithstanding paragraph 10, and subject to the producing party's consent, which shall not be unreasonably withheld, information designated as "CONFIDENTIAL" may also be disclosed by a receiving party to a deposition or trial witness who is not indicated as an author or recipient of the information, and, if applicable, the counsel representing the witness at deposition or trial, provided that the receiving party has a good faith basis to believe that the witness would have seen or otherwise been given access to the designated information in the ordinary course of the witness's business, and provided further that the witness executes an Undertaking in the form attached as Exhibit A to this Order or agrees on the record to be bound by the provisions of the Undertaking. However, nothing in this provision shall permit a receiving party to disclose information designated as "CONFIDENTIAL" to a deposition or trial witness who would not already have access to such information under this Order, or to such witness's counsel, prior to, or in preparation for, testimony.

12. If a receiving party receives a subpoena or other compulsory process by any court, administrative agency, legislative body, or other person or entity commanding production of any information designated by a producing party as "CONFIDENTIAL," the receiving party shall immediately provide notice thereof to the designating party and its COUNSEL. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

82289-0002/131701671.1

13. All transcripts, exhibits, discovery responses, and any other documents filed with the Court prior to trial that have been designated as "CONFIDENTIAL" shall be filed and served consistent with the process required by the United States District Court for the Central District of California. The producing party shall be deemed to consent to any motions to seal that a receiving party must file in order to file the designating party's "CONFIDENTIAL" as part of any brief, motion, letter, or other filing with the Court. If at any time during the pendency of an action, material being maintained by the Court under seal no longer meets the legal and factual criteria for continued maintenance under seal, either party may file a request with the Court that the filings be unsealed.

14. The inadvertent or unintentional disclosure by a party of information it believes constitutes "CONFIDENTIAL" without the proper designation or marking at the time of the disclosure shall not constitute a waiver of a claim of confidentiality either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the receiving party is notified in writing and that properly marked or designated materials or documents are provided pursuant to this Order. Once such a designation has been made, the relevant documents or materials shall be treated as "CONFIDENTIAL" in accordance with this Order as if they had been initially so designated, provided, however, that if the discovery material that was inadvertently not designated had been filed with the Court on the public record prior to its designation, the producing party that failed to make the designation shall move for appropriate relief. The receiving party shall not be responsible for the disclosure or other distribution of "CONFIDENTIAL" material belatedly designated in accordance with this Order as to such disclosure or distribution that may have occurred before the receipt of such written notification or a claim of confidentiality, and such disclosure or distribution shall not be deemed to be a violation of this Order. However, to the extent any document which was subsequently marked as

1 | "CONFIDENTIAL" had been distributed to persons unauthorized to view material
2 | designated as "CONFIDENTIAL" prior to the designation, counsel for the
3 | receiving party shall notify such persons that they must return or destroy all copies
4 | of the newly-designated documents.

5 | 15. Pursuant to Federal Rule of Evidence 502, the inadvertent or unintentional disclosure of a communication or information protected by the attorney-client privilege or work product protection will not operate as a waiver of such privilege or protection. Further, inadvertent or unintentional disclosure of privileged or protected communications or information in the present lawsuit shall not operate as a waiver in any other federal or state court proceeding. This provision applies to the parties to this lawsuit, the parties' representatives, employees and agents, and COUNSEL, including any lawyers or EXPERTS specifically employed by them in connection with this lawsuit and SUPPORT PERSONNEL. Upon discovery by a producing party (or upon receipt of notice from a receiving party) that it may have inadvertently produced privileged information, the producing party shall, within ten (10) calendar days of such discovery, request the return of such information in writing by specifically identifying the information and stating the basis for withholding it. After being notified, any receiving party shall return such requested information within ten (10) calendar days. If a receiving party disputes the inadvertent production and/or privilege claim, the receiving party may retain a single copy of the disputed information for the sole purpose of resolving the dispute. The receiving party shall notify the producing party of the dispute and the basis therefore in writing within ten (10) calendar days of receipt of the request for the return of the information. The producing party and receiving party thereafter shall meet and confer in good faith regarding the disputed claim within ten calendar (10) days. In the event that the producing party and receiving party do not resolve their dispute, either of them

82289-0002/131701671.1

may bring a motion for a determination of whether a privilege applies. The producing party must preserve the information until the claim is resolved.

16. Nothing herein shall be construed as a waiver of any party's right to object to the production or admissibility of any evidence or testimony produced or based upon any grounds other than confidentiality. Moreover, nothing herein shall be construed as a limitation on the producing party's right to use or disclose its own information as it sees fit without the prior consent of the opposing party or this Court notwithstanding its designation as "CONFIDENTIAL" for this matter.

17. Notwithstanding any other provision of this Order, the Parties shall confer and attempt to agree before any Court trial or hearing on the procedures to be included in a protective order pursuant to which "CONFIDENTIAL" material may be used or introduced into evidence at such trial or hearing. A party intending to use information designated as "CONFIDENTIAL" during such hearing or trial shall give reasonable notice to all other parties of such intended use. At the request of the party who designated the material as "CONFIDENTIAL" pursuant to this Order, the Court may restrict attendance at that portion of the proceeding where said material is to be discussed as the Court deems appropriate, including the sealing of the transcript.

18. Any information designated as "CONFIDENTIAL" and submitted by any party via a pleading or motion or offered into evidence at a hearing or trial shall maintain its confidentiality designation until such time as the Court rules to the contrary.

19. Within sixty (60) calendar days of termination of this litigation, whether by final judgment and appeal, or by settlement, all materials and documents designated as "CONFIDENTIAL," as well as all copies, summaries, and abstracts thereof, shall be returned to the producing party or destroyed. If the receiving party elects to destroy "CONFIDENTIAL" materials, it shall certify the completion of destruction to the producing party. Notwithstanding the foregoing,

-9-

Case 2:15-cv-05716-PSG-JEM Document 62-1 Filed 06/28/ Page 11 of 14 Page ID #:447
Case 2:15-cv-05716-PSG-JEM Document 63 Filed 06/29/16 Page 11 of 14 Page ID #:461

COUNSEL for the parties may retain copies of all documents that reflect attorney work product, all documents that have been filed with the Court, deposition and trial transcripts, and all exhibits thereto, interrogatory responses, and responses to requests for admission.

20. This Order shall remain in full force and effect indefinitely until modified, superseded, or terminated by executed written agreement of the parties or by order of the Court. This Court shall retain continuing jurisdiction, beyond the conclusion of this litigation, including without limitation, during any appeal, over all persons and parties bound by this Stipulated Protected Order to enforce the provisions of this Order pursuant to its contempt powers and with all other powers provided for in this Order.

21. This Order is without prejudice to the right of any party to seek relief from the Court from any of the provisions or restrictions provided in this Order. Moreover, nothing in this Order shall affect the right of any party to seek additional protections against the disclosure of any documents or materials.

22. Nothing contained in this Order shall be construed as an admission or agreement that any document or information, or any testimony relating to such document or information, is or would be subject to discovery or admissible as evidence in this litigation or any other proceeding.

23. This Order shall apply to and shall bind present or subsequently added parties to this lawsuit.

Any person may apply to this Court at any time, upon proper notice, for the modification or vacation of this Order. Moreover, this Order may be amended by the Court, and in making any amendments, the Court shall be guided by the purpose of this Order, which is to provide adequate protection for material that is truly confidential without unreasonably interfering with the efficient prosecution and defense of this action or the interests of the public.

82289-0002/131701671.1

| | |
|---|---|
| 1 | **IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.** |
| 2 | |
| 3 | DATED: June 28, 2016    **PERKINS COIE** LLP |
| 4 | |
| 5 | By: /s/Lara J. Dueppen<br>    Lara J. Dueppen |
| 6 | |
| 7 | Lara J. Dueppen, Ph.D., SBN 259075<br>LDueppen@perkinscoie.com<br>**PERKINS COIE** LLP |
| 8 | 1888 Century Park East, Suite 1700<br>Los Angeles, California 90067-1721 |
| 9 | Telephone: (310) 788-9900 |
| 10 | Facsimile: (310) 788-3399 |
| 11 | John A. Squires (*pro hac vice*) |
| 12 | JSquires@perkinscoie.com<br>**PERKINS COIE** LLP |
| 13 | 30 Rockefeller Plaza, 22nd Floor<br>New York, New York 10112-0085 |
| 14 | Telephone: (212) 262-6900<br>Facsimile: (212) 977-1649 |
| 15 | |
| 16 | Jonathan M. James (*pro hac vice*)<br>JJames@perkinscoie.com |
| 17 | **PERKINS COIE** LLP<br>2901 N. Central Avenue, Suite 2000 |
| 18 | Phoenix, Arizona 85012-2788<br>Telephone: (602) 351-8000 |
| 19 | Facsimile: (602) 648-7000 |
| 20 | |
| 21 | Michael R Osterhoff (*pro hac vice*)<br>MOsterhoff@perkinscoie.com |
| 22 | Mark T. Smith (*pro hac vice*)<br>MarkSmith@perkinscoie.com |
| 23 | **PERKINS COIE** LLP<br>131 South Dearborn Street Suite 1700 |
| 24 | Chicago, IL 60603<br>Telephone: (312) 234-8587 |
| 25 | Facsimile: (312) 324-9474 |
| 26 | Attorneys for Plaintiff |
| 27 | DEN-MAT HOLDINGS, LLC |
| 28 | |

DATED: June 28, 2016     **TRASKBRITT, P.C.**

By: <u>*/s/H. Dickson Burton*</u>
      H. Dickson Burton

H. Dickson Burton (*pro hac vice*)
hdburton@traskbritt.com
Stephen E Pulley (*pro hac vice*)
sepulley@traskbritt.com
TRASKBRITT, P.C.
230 South 500 East Suite 300
PO Box 2550
Salt Lake City, UT 84102
Telephone: 801-532-1922
Facsimile: 801-531-9168

Jeffrey W Shields SBN 109920
jeff@shieldslawoffices.com
M Adam Tate SBN 280017
adam@shieldslawoffices.com
SHIELDS LAW OFFICES
1920 Main Street Suite 1080
Irvine, CA 92614
Telephone: 949-724-7900
Facsimile: 949-724-7905

Attorneys for Defendant/Third-Party Plaintiff CAO GROUP, INC.

DATED: June 28, 2016

**GIBSON, DUNN & CRUTCHER LLP**

By: /s/ Michele L. Maryott
    Michele L. Maryott

William C Rooklidge SBN 134483
wrooklidge@gibsondunn.com
Michele L Maryott SBN 191993
mmaryott@gibsondunn.com
Krista S deBoer SBN 288842
KdeBoer@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive Suite 1200
Irvine, CA 92612
Telephone: (949) 451-4009
Facsimile: (949) 475-4752

Attorneys for Third-Party Defendant
DISCUS DENTAL, LLC

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: June 29, 2016

_[signature]_
HON. JOHN E. MCDERMOTT

-13-

82289-0002/131701671.1